**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 155.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. COLEMAN.

[Cite as *Disciplinary Counsel v. Coleman*, 2000-Ohio-288.]

*Unauthorized practice of law—Individual not authorized to practice law in Ohio gave legal advice and prepared and filed complaints for others in an Ohio court—Engagement in the unauthorized practice of law enjoined.*

(No. 99-1618—Submitted October 20, 1999—Decided February 23, 2000.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 98-5.

————————————

{¶ 1} On October 20, 1998, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent, R. Lin Coleman of Pomeroy, Ohio, was engaged in the unauthorized practice of law. After respondent answered, the matter was heard on stipulated facts by the Board of Commissioners on the Unauthorized Practice of Law ("board").

{¶ 2} The board found that respondent, who is not an attorney at law, conducted a business under the name "Trouble R Us Consumer Advocates" in Pomeroy, Ohio. During the course of his business, respondent gave legal advice to a resident of Ohio and prepared and filed complaints on her behalf in an Ohio court. When relator contacted respondent about these activities, respondent said that he did not intend to practice law, did not hold himself out as doing so, and immediately ceased to conduct these activities. The board concluded that respondent's conduct constituted the unauthorized practice of law and recommended that respondent be prohibited from engaging in such activities in the future.

————————————

*Jonathan E. Coughlan,* Disciplinary Counsel, and *John K. McManus*, Assistant Disciplinary Counsel, for relator.

*Robert W. Stewart,* for respondent.

_____

***Per Curiam.***

{¶ 3} During each of the past few years we have decided cases in which it was asserted that a power of attorney gives one the right to appear in court for the person assigning that power. *Cincinnati Bar Assn. v. Telford* (1999), 85 Ohio St.3d 111, 707 N.E.2d 462 (a non-attorney who attempts to settle a pending lawsuit on behalf of one of the litigants is engaged in the unauthorized practice of law); *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771 (a non-attorney who files a motion to dismiss on behalf of another is engaged in the unauthorized practice of law); *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 673 N.E.2d 1307 (a non-attorney who files a divorce action for another is engaged in the unauthorized practice of law).

{¶ 4} The argument in each of these cases was similar to that made by respondent in this case. He contends that the client he represented had "every right to file" an action on her own behalf, that she also had "the right to assign her rights to act for herself to another," and that when respondent filed the cases on behalf of his client he also filed "a Limited Power-of-Attorney form assigning [the client's] right to act in this matter to me."

{¶ 5} Because the argument appears regularly, its sophistry should be exposed.

{¶ 6} In the first place, persons holding powers of attorney have historically not been considered attorneys who can appear in the courts. When a principal through the execution of a "power of attorney" designates another to transact some business that could have been transacted by the principal, he appoints an agent to act for him as an "attorney in fact" or "private attorney." 2A Corpus Juris Secundum (1972) 771, Agency, Section 150; 3 American Jurisprudence 2d (1986) 529, Agency, Section 23. An "attorney in fact" has been consistently distinguished

2

from an "attorney at law" or "public attorney" since at least 1402 when certain attorneys in England were examined by Justices and "their names be entered on the roll" of those permitted to practice in the courts. 1 The Oxford English Dictionary (2 Ed.1989) 772. Thus, a person holding a power of attorney, but whose name is not entered on the roll, is an attorney in fact, but not an attorney at law permitted to practice in the courts.

{¶ 7} Secondly, respondent's argument results in an absurd interpretation of our Constitution. Section 2(B)(1)(g), Article IV of the Ohio Constitution gives the Supreme Court power over all matters relating to the practice of law. Pursuant to the Constitution and to secure the public's interest in competent legal representation, we have promulgated rules with respect to admission to the practice of law, rules to govern the conduct of those admitted to the practice, and rules to ensure that those admitted maintain their knowledge and skills through continuing legal education. If accepted, respondent's argument that a person may execute a power of attorney and so enable the grantee to practice law in Ohio would render meaningless the supervisory control of the practice of law given to us by the Ohio Constitution.

{¶ 8} Thirdly, the use of a power of attorney as a contract to represent another in court violates the laws of Ohio. In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus, we held that among other activities, "[t]he practice of law * * * embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts."

{¶ 9} R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the

person has been admitted to the bar by order to the supreme court in compliance with its prescribed and published rules."

{¶ 10} This law recognizes that a person has the inherent right to proceed *pro se* in any court. But it also prohibits a person from representing another by commencing, conducting, or defending any action or proceeding in which the person is not a party. When a person not admitted to the bar attempts to represent another in court on the basis of a power of attorney assigning *pro se* rights, he is in violation of this statute. A private contract cannot be used to circumvent a statutory prohibition based on public policy.

{¶ 11} Finally, courts in other states have all held, as have we, that a non-lawyer with a power of attorney may not appear in court on behalf of another, or otherwise practice law. Cf. *Christiansen v. Melinda* (Alaska 1993), 857 P.2d 345; *In re Estate of Friedman* (1984), 126 Misc.2d 344, 482 N.Y.S.2d 686; *Kohlman v. W. Pennsylvania Hosp.* (1994), 438 Pa.Super. 352, 652 A.2d 849.

{¶ 12} Not having been admitted to the bar by our order, respondent, as the previous respondents before him, has engaged in the unauthorized practice of law. Respondent is hereby enjoined from all further activities which constitute the practice of law.

{¶ 13} Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____