OHIO STATE BAR ASSOCIATION *v.* NEWBURN.

[Cite as *Ohio State Bar Assn. v. Newburn,*
119 Ohio St.3d 96, 2008-Ohio-3823.]

(No. 2008–0257—Submitted March 26, 2008—Decided August 5, 2008.)

**Per Curiam.**

{¶ 1} Relator, Ohio State Bar Association, charged that respondent, Jesse V. Newburn of Dover, Ohio, had engaged in the unauthorized practice of law by preparing two documents, each purporting to create legal rights of way through granting easements in property. The Board on the Unauthorized Practice of Law concluded that respondent had practiced law in violation of Ohio licensure requirements and recommends that we enjoin respondent from committing further illegal acts. We agree that respondent engaged in the unauthorized practice of law and that an injunction is warranted.

{¶ 2} The parties waived a hearing, and a panel of the board considered the case on the parties' stipulations of fact, see Gov.Bar R. VII(7)(H), and respondent's admission that he had practiced law without a license. Finding that respondent had engaged in the unauthorized practice of law, the panel recommended an injunction prohibiting such conduct. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

### Respondent Engaged in the Unauthorized Practice of Law

{¶ 3} Respondent is a professional surveyor and is registered with the Ohio Engineers and Surveyors Board; however, he is not licensed or otherwise authorized to practice law in Ohio, nor is he admitted to practice in any other

jurisdiction. In October 2006, respondent prepared two documents, both titled "Easement," to exchange reciprocal rights of way between adjacent property owners. The first document purported to grant an easement from the heirs of the estate of Sara J. Robson to Gerald Lee Warner. The second document purported to convey another easement from Gerald Lee Warner to the estate and heirs of Sara J. Robson.

{¶ 4} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Our jurisdiction thus extends to regulating the unauthorized practice of law, which we do to protect the public from agents "who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. More specifically, we restrict the practice of law to licensed practitioners as a means to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 5} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). " ' "[T]he practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property." ' " *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.,* 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7, quoting *Lorain Cty. Bar Assn. v. Kennedy* (2002), 95 Ohio St.3d 116, 116–117, 766 N.E.2d 151, quoting *Disciplinary Counsel v. Doan* (1997), 77 Ohio St.3d 236, 237, 673 N.E.2d 1272. Preparing documents to convey another person's legal interests in property, such as the right of way that is the objective of an easement, also constitutes the practice of law.

{¶ 6} Respondent is not qualified to practice law but nevertheless attempted to prepare instruments for others to grant easements. He thereby engaged in the unauthorized practice of law.

### An Injunction Is Warranted, but a Civil Penalty Is Not Appropriate

{¶ 7} Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation to issue an injunction and prohibit respondent from attempting to prepare instruments to convey the property interests of others and from engaging in all other acts constituting the practice of law.

{¶ 8} We also accept the recommendation against imposing the civil penalty authorized by Gov.Bar R. VII(8)(B). In reaching this determination, we weigh the factors listed in that rule and in the supplementary provisions of UPL Reg. 400(F). Factors weighing against a civil penalty include respondent's cooperation in relator's investigation, his agreement to stipulate to his wrongdoing, and the relatively small number of incidents of unauthorized practice and their comparative harmlessness. See Gov.Bar R. VII(8)(B)(1) through (4).

{¶ 9} Of the other relevant considerations set forth in UPL Reg. 400(F)(1) through (4), we find that several of the mitigating factors apply in this case. First, respondent attempted to convey the easement merely as an incident to his work and did not personally benefit beyond the compensation he received as a surveyor. See UPL Reg. 400(F)(4)(e). Respondent also ceased engaging in the conduct under review, admitted to his wrongdoing, and accepted the recommended injunctive measures. UPL Reg. 400(F)(1)(a) through (d).

{¶ 10} We thus enjoin respondent from preparing instruments purporting to convey the property interests of others and from engaging in all other acts constituting the unauthorized practice of law. Also, within 60 days of our order, respondent shall notify in writing Gerald Lee Warner and the heirs of the estate of Sara J. Robson that by preparing the documents purporting to convey easements for them he engaged in the unauthorized practice of law. Respondent shall include with the notification copies of the board's report as well as our opinion and shall send a copy of all such notices to relator's counsel.

{¶ 11} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Shumaker, Loop & Kendrick, L.L.P., and John N. MacKay, for relator.

E.K. Wright, for respondent.