OHIO STATE BAR ASSOCIATION *v.* JACKIM.

[Cite as *Ohio State Bar Assn. v. Jackim,*
121 Ohio St.3d 33, 2009-Ohio-309.]

(No. 2008–1559—Submitted October 1, 2008—Decided February 3, 2009.)

———

**Per Curiam.**

{¶ 1} Relator, Ohio State Bar Association, charged that respondent, Bruce A. Jackim of Middleburg Heights, Ohio, had engaged in the unauthorized practice of law by filing a motion for a stay on another person's behalf in a pending legal action. The Board on the Unauthorized Practice of Law concluded that respondent had practiced law in violation of Ohio licensure requirements and recommends that we enjoin respondent from committing further illegal acts. We agree that respondent engaged in the unauthorized practice of law and that an injunction is warranted.

{¶ 2} A panel of the board considered the case on the parties' cross-motions for summary judgment filed pursuant to Civ.R. 56(C), which is applicable in proceedings before the board pursuant to Gov.Bar R. VII(14). Granting relator's motion and denying respondent's motion, the panel found that respondent had engaged in the unauthorized practice of law and recommended an injunction prohibiting such conduct. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

{¶ 3} The parties have not objected to the board's report.

### Respondent Engaged in the Unauthorized Practice of Law

{¶ 4} Summary judgment may be granted when the evidence, which has been properly submitted and is construed in favor of the nonmoving party, shows that the material facts in the case are not in dispute, and the moving party is entitled to judgment as a matter of law because reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11. Relator satisfied this standard.

{¶ 5} Respondent is not licensed or otherwise authorized to practice law in Ohio, nor is he admitted to practice in any other jurisdiction. Yet on April 26, 2004, respondent filed a motion to stay proceedings in *Principal Residential Mtge., Inc. v. Jurick*, Cuyahoga C.P. No. CV–04–521279, a pending foreclosure action. Respondent filed the motion asserting that he represented Coralie J. Jurick as her attorney-in-fact. She had granted respondent a durable power of attorney, but this appointment did not authorize him to file papers in court on her behalf.

{¶ 6} In *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 157, 724 N.E.2d 402, we held that a nonlawyer acting as an attorney-in-fact could not represent someone else in court. Paraphrasing *Coleman*, the board in this case observed:

{¶ 7} "A durable power of attorney, naming a non-attorney as one's agent and attorney-in-fact, does not permit that person to prepare and pursue legal filings and proceedings as an attorney-at-law. Since 1402, the law has recognized the distinction between an attorney-in-fact and an attorney-at-law, and only attorneys-at-law have been permitted to practice in the courts. Furthermore, allowing a durable power of attorney to permit the practice of law would circumvent and thwart the Supreme Court's constitutional power over all matters relating to the practice of law and R.C. 4705.01."

{¶ 8} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of

law." Our jurisdiction thus extends to regulating the unauthorized practice of law, which we do to protect the public from agents "who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. More specifically, we restrict the practice of law to licensed practitioners as a means to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 9} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). Respondent is not qualified to practice law but nevertheless filed a motion in court on another person's behalf. He thereby engaged in the unauthorized practice of law.

### An Injunction Is Warranted, but a Civil Penalty Is Not Appropriate

{¶ 10} Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation to issue an injunction and prohibit him from filing papers on behalf of others in court and from engaging in all other acts constituting the practice of law.

{¶ 11} We also accept the recommendation against imposing the civil penalty authorized by Gov.Bar R. VII(8)(B). In reaching this determination, we weigh the factors listed in that rule and in the supplementary provisions of UPL Reg. 400(F). Factors weighing against a civil penalty include that respondent committed but a single infraction constituting the unlicensed practice of law and did not charge for his service or otherwise cause financial harm to anyone. See Gov.Bar R. VII(8)(B)(2) and (4) and UPL Reg. 400(F)(4)(e). In fact, the parties do not dispute that respondent acted with the intent of trying to help Jurick by delaying the foreclosure of her home so that relatives could try to buy it for her.

{¶ 12} We thus enjoin respondent from filing papers on behalf of others in court and from engaging in all other acts constituting the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Fitch, Kendall, Cecil, Robinson & Barry Co., L.P.A, and Ian Robinson; and Eugene P. Whetzel, Bar Counsel, for relator.

Catherine M. Brady, for respondent.