OHIO STATE BAR ASSOCIATION *v.* HEATH.

[Cite as *Ohio State Bar Assn. v. Heath,* 123 Ohio St.3d 483, 2009-Ohio-5958.]

*Unauthorized practice of law — Preparing legal papers on another's behalf —*
*Injunction issued and civil penalty imposed.*

(No. 2009-0966 — Submitted August 11, 2009 — Decided November 19, 2009.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the
Supreme Court, No. UPL 07-10.

_____

**Per Curiam**.

{¶ 1}   Relator, Ohio State Bar Association, charged respondent, Gary
Allan Heath of Canal Winchester, Ohio, with the unauthorized practice of law,
alleging that he (1) prepared documents threatening legal action on behalf of a
friend as a means to settle a dispute over the friend's use of a natural-gas well and
(2) prepared motions and other legal papers for the friend to file in a related
criminal prosecution.   Finding that respondent practiced law in violation of Ohio
licensure requirements, the Board on the Unauthorized Practice of Law
recommends that we enjoin him from committing further illegal acts and assess a
$15,000 civil penalty.   We agree that respondent engaged in the unauthorized
practice of law and that an injunction is warranted; however, because of
mitigating factors, we assess only a $1,000 civil penalty.

{¶ 2}   In its original complaint, relator alleged that respondent had
threatened legal action on another person's behalf as a means to resolve a dispute.
Respondent denied the charges in writing with nonsensical declarations, including
the following:

{¶ 3}   "Gary Allan Heath is a fiction (Fictio) created by the State (also a
fiction) and does not exist in reality."

**{¶ 4}** "Neither the State or the OHIO STATE BAR ASSOCIATION have permission to use Gary Allan Heath's name in all capital letters to create the fiction (Fictio) to file complaints against."

**{¶ 5}** "There is no such thing as a license to practice law. Gary Allan Heath has checked with the Secretary of State and has been informed that no such licenses to practice law are issued by the Secretary of State."

**{¶ 6}** "Gary Allan Heath does not accept Relator's offer to contract. Realtor is a Private Union unto which Gary Allan Heath is not a member."

**{¶ 7}** Relator subsequently discovered that respondent had prepared motions and other legal papers to file in court for his friend's criminal defense, and relator amended the complaint to reflect new charges based on that discovery. Respondent did not file an amended answer, but he did participate in the board proceedings, submitting discovery requests and other filings, all containing the same sort of affected assertions that he had advanced initially. Ultimately, however, respondent failed to timely respond to a motion for summary judgment, and on the recommendation of three board members, the entire board granted summary judgment in relator's favor.

**{¶ 8}** Respondent filed notice in this court that he objected to the board's report. Relator waived oral argument, but respondent appeared and took issue with a number of the board's factual findings. In the end, however, respondent promised that he would not attempt to represent another person's legal interests again.

### Respondent Engaged in the Unauthorized Practice of Law

**{¶ 9}** Summary judgment may be granted when properly submitted evidence, construed in favor of the nonmoving party, shows that the material facts in the case are not in dispute and that the moving party is entitled to judgment as a matter of law because reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *Ohio State Bar Assn. v. Jackim*,

2

121 Ohio St.3d 33, 2009-Ohio-309, 901 N.E.2d 792, ¶ 4, citing *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11. Relator has satisfied this standard.

{¶ 10} Respondent has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state. In November 2006, he nevertheless demanded money and threatened legal action on behalf of a friend involved in a dispute over use of natural gas. The friend had been enjoined from accessing a certain gas well, but respondent demanded damages from the owner of the well for denying his friend that access. He leveled numerous admonishments, including:

{¶ 11} "If you do not respond within 14 days of receipt of this letter it will be your admission that you are attempting to commit barratry and trespass * * *. [The] charge for barratry or trespass is 100,000.00 dollars lawful species silver or gold per instance, due and payable within 14 days of receipt of this letter. If not paid within 10 days you will be responsible for additional treble damages of 300,000.00 dollars lawful species silver or gold bringing your total amount due to 400,000.00 dollars lawful species silver or gold. These charges will apply to every instance of trespass or barratry."

{¶ 12} The lawyer representing the owner of the gas well reported respondent's activities to relator. The lawyer provided the threatening documents that had been sent directly to his client, as well as another document that he and the Ashland County Sheriff had received, entitled "Notice of Tort Violations, Bad Faith, Harassment, Disturbing the Peace, Misapplication of Statutes, Bias, Prejudice, Trespass, Intimidation, Duress, Malice, Trespass Vi Et Armi, Conspiracy, Severe Mental Anguish, Infliction of Emotion Distress, Notice to Cease and Desist-Demand to Be Left Alone." Although respondent denies having prepared, mailed, or signed this document as attorney in fact for his friend, it is almost certainly his handiwork, given the semantic peculiarities.

{¶ 13} The owner of the gas well and her lawyer both initially believed that respondent was a licensed attorney. They later learned differently, and the lawyer discovered that respondent was continuing to provide unauthorized legal representation. In fact, respondent had prepared legal papers for filing in the Ashland Municipal Court to defend his friend against criminal charges for tampering with the natural-gas well.

{¶ 14} The board summarized the municipal court filings in which respondent specifically designated himself as his friend's legal representative, all of which were filed in January 2007, as follows:

{¶ 15} "* * * Respondent prepared, filed or caused to be filed a 'Notice of Bond' in Ashland County Municipal Court * * * signed by the Respondent as 'attorney-in-fact' and for the purpose of dismissing criminal charges against [the defendant]. Accompanying the Notice was a prepared draft order for the court."

{¶ 16} "The 'Notice of Bond' indicated the Respondent was acting as the authorized representative of [the defendant]."

{¶ 17} "* * * Respondent prepared, filed, or caused to be filed, a 'Surety Bond' [containing] an 'Administrative Notice' in Ashland County Municipal Court * * *. The Surety Bond and Administrative Notice was signed by the Respondent as 'attorney-in-fact' on behalf of [the defendant]."

{¶ 18} "* * * Respondent prepared, filed or caused to be filed on behalf of [the defendant] an 'Affidavit of Denial of Corporate Existence, and Verified Facts for the Record' in the Municipal Court of Ashland County. The pleading was signed by the Respondent as 'attorney-in-fact' [on behalf of the defendant]."

{¶ 19} "* * * Respondent prepared, filed, or caused to be filed on behalf of [the defendant] a 'Verified Notice and Demand for an Extension of Time' in the Municipal Court of Ashland County. The Respondent signed the document as 'attorney-in-fact' [on behalf of the defendant]."

4

**{¶ 20}** "* * * Respondent prepared, filed, or caused to be filed on behalf of [the defendant] a 'Notice to Recuse, With Affidavit of Bias and Prejudice/Notice of Objection to this Court's Jurisdiction' in the Municipal Court of Ashland County. The document alleges misconduct by public officials, presents legal arguments relating to evidence, and demands the removal of the magistrate. The document was signed by the Respondent as 'attorney-in-fact' [on behalf of the defendant]."

**{¶ 21}** Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Our jurisdiction thus extends to regulating the unauthorized practice of law, which we do to protect the public from agents "who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc*. (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. More specifically, we restrict the practice of law to licensed practitioners as a means to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

**{¶ 22}** "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). We have consistently held that the practice of law encompasses the drafting and preparation of pleadings filed in the courts of Ohio and includes the preparation of legal documents and instruments upon which legal rights are secured or advanced. *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280,

673 N.E.2d 1307; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus.

{¶ 23} Furthermore, a general power of attorney does not grant authority to prepare and file papers in court on another person's behalf. Such legal representation can be undertaken only in compliance with applicable licensure requirements. *Jackim*, 121 Ohio St.3d 33, 2009-Ohio-309, 901 N.E.2d 792, ¶ 5-7, citing *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402. Because respondent did not possess the qualifications necessary to practice law in this state and yet attempted to provide legal representation in court for another person, a preponderance of the evidence establishes that he engaged in the unauthorized practice of law.

### An Injunction and $1,000 Civil Penalty Are Warranted

{¶ 24} Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation to issue an injunction prohibiting respondent from preparing legal documents for others and from engaging in all other acts constituting the practice of law.

{¶ 25} Upon any finding that a layperson has engaged in the unauthorized practice of law, Gov.Bar R. VII(8)(B) allows the board to recommend and this court to impose a civil penalty in an amount up to $10,000 per offense. The board recommended a $15,000 civil penalty, $6,000 more than relator had proposed, based on factors listed in that rule and in the supplementary provisions of UPL Reg. 400(F). The board found nothing to weigh in respondent's favor, concluding:

{¶ 26} "The Respondent repeatedly engaged in acts of representation that sought to intimidate adverse parties or delay the judicial process." See Gov.Bar R. VII(8)(B) ("Any penalty shall be based on the following factors: * * * (2) The number of occasions that unauthorized practice of law was committed * * * [and] (5) Any other relevant factors").

**{¶ 27}** "The Respondent prepared legal instruments for another for filing in a court of law in flagrant and obvious disregard of the rules governing the practice of law." See Gov.Bar R. VII(8)(B) ("Any penalty shall be based on the following factors: * * * (3) The flagrancy of the violation") and UPL Reg. 400(F)(3) ("The following factors may be considered in favor of recommending a more severe penalty: * * * (f) Whether respondent's unauthorized practice of law included the preparation of legal instruments for filing with a court or other governmental entity").

**{¶ 28}** "The Respondent's actions required the prevailing party in a civil case to secure the services of legal counsel to defend herself from the accusations and legal threats the Respondent made on behalf of another." See Gov.Bar R. VII(8)(B) ("Any penalty shall be based on the following factors: * * * (4) Harm to third parties arising from the offense").

**{¶ 29}** "The Respondent repeatedly challenged the jurisdiction of the Board and the Court in pleadings filed in this matter and did not fully cooperate in these proceedings." See Gov.Bar R. VII(8)(B)(5).

**{¶ 30}** Based on respondent's remarks at oral argument, however, we decline the board's recommendation with respect to a civil penalty. Respondent explained that he was merely trying to help a friend regain access to heat for his family's rural home. Respondent also claimed not to have charged the friend. We have previously relied on such circumstances in deciding not to assess civil penalties at all. See *Jackim*, 121 Ohio St.3d 33, 2009-Ohio-309, 901 N.E.2d 792, ¶ 11. Moreover, respondent stated that he has ceased unlicensed practice and will not engage in it again, another factor that weighs against a civil penalty. *Ohio State Bar Assn. v. Newburn*, 119 Ohio St.3d 96, 2008-Ohio-3823, 892 N.E.2d 431, ¶ 9.

**{¶ 31}** On the other hand, *Jackim* and *Newburn* involved only one or two acts of unauthorized legal practice: the nonlawyer in *Jackim* filed a motion to stay

in a pending foreclosure proceeding on another person's behalf, id. at ¶ 5; the nonlawyer in *Newburn* prepared two documents purporting to exchange reciprocal easements for adjacent property owners. Id. at ¶ 3. Respondent, in contrast, prepared and caused to be filed a series of legal documents in a court of law. He also drafted on another person's behalf and caused to be sent a letter threatening an adverse party with unfounded legal action, causing that party to seek legal counsel.

{¶ 32} In *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, we assessed a $1,000 civil penalty for similar illegal acts. There, a member of a limited-liability company, who was not licensed to practice law, filed an answer and a series of motions and responses to motions, in court on the company's behalf. All were highly irregular, and none advanced cognizable legal arguments to protect the company's interests that he purported to represent. Id. at ¶ 6. And like respondent in this case, that nonlawyer defended himself against the charges of unauthorized legal practice, raising unfounded and often nonsensical arguments. Id. at ¶ 7.

{¶ 33} A $1,000 civil penalty is equally appropriate here. We thus enjoin respondent from preparing legal documents on behalf of others for filing in court, from preparing legal documents and instruments upon which others' legal rights are secured or advanced, and from engaging in all other acts constituting the practice of law. Pursuant to Gov.Bar R. VII(8)(B) and (19)(D)(1)(c), we also order respondent to pay a civil penalty of $1,000. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs but would not impose a civil penalty.

_____

Kohler & Smith Co., L.P.A., and Tricia Sprankle; and Eugene P. Whetzel, for relator.

Gary Allan Heath, pro se.

_____