[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Klosk,* Slip Opinion No. 2018-Ohio-4864.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4864

OHIO STATE BAR ASSOCIATION *v.* KLOSK ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Klosk,* Slip Opinion No. 2018-Ohio-4864.]**

*Unauthorized practice of law—Lawyer not licensed in Ohio held self and firm out as representing Ohio debtor in correspondence with Ohio counsel for creditor—Injunction issued and civil penalty imposed.*

(No. 2018-0533—Submitted May 22, 2018—Decided December 11, 2018.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 13-09.

_____

**Per Curiam.**

**{¶ 1}** Relator, Ohio State Bar Association, charged respondents, Michael J. Klosk, an attorney licensed to practice law in California, and Klosk Law Firm, Inc., a California law firm, with engaging in the unauthorized practice of law in Ohio.[1]

_____

[1] In his answer, Klosk admitted that he is also admitted to practice law in New Jersey and New York.

Relator alleged that Klosk and his firm provided legal advice to an Ohio resident and/or negotiated the resolution of an Ohio resident's debt with a creditor's counsel who was also located in the state of Ohio.

{¶ 2} Finding that Klosk and his firm practiced law in violation of Ohio licensure requirements, the Board on the Unauthorized Practice of Law recommends that we enjoin them from committing further illegal acts and assess a $2,000 civil penalty.  We agree that Klosk and Klosk Law Firm, Inc., engaged in the unauthorized practice of law in Ohio and that an injunction and $2,000 civil penalty are warranted.

**Procedural History**

{¶ 3} Relator filed its complaint against Klosk and his firm on November 8, 2013.  A three-member panel of the board was appointed to hear the matter.  In August 2014, the panel chairman granted respondents' request for a delay in the proceedings to obtain counsel, and the following month, Klosk, on behalf of himself and his firm, filed a belated answer to relator's complaint.  In that answer, Klosk admitted that he and his firm had committed some of the alleged conduct, but he denied that their conduct constituted the unauthorized practice of law.  However, neither Klosk nor his firm responded to relator's September 30, 2014 requests for production of documents and answers to interrogatories or relator's subsequent requests for admissions.  On December 16, 2015—nearly one year after the requests for admissions were served upon respondents—the panel chairman granted relator's motion to deem them admitted.

{¶ 4} On May 5, 2017, a newly appointed panel chairman ordered the parties to file dispositive motions within 30 days.  Relator moved for summary judgment on June 5, 2017.  Neither of the respondents filed a response.

**Standard of Review for Summary Judgment**

{¶ 5} "Summary judgment may be granted when properly submitted evidence, construed in favor of the nonmoving party, shows that the material facts

2

in the case are not in dispute and that the moving party is entitled to judgment as a matter of law because reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 2009-Ohio-5958, 918 N.E.2d 145, ¶ 9; *see* Civ.R. 56(C).

**Improper Conduct**

{¶ 6} Klosk has never been licensed to practice law in Ohio, and his firm is not eligible to be licensed to practice law in this state. And they are deemed to have admitted that no member of the firm is licensed to practice law in this state.

{¶ 7} Klosk and his firm provide counseling and assistance to individuals regarding the reduction of consumer debt as part of their practice. Once retained, they contact their clients' creditors and attempt to negotiate a reduction of the clients' outstanding debts.

{¶ 8} In January 2010, a debtor who resided in Ohio executed a power of attorney appointing Klosk and his firm as his "true and lawful attorney" for purposes of communicating with the debtor's creditors. In his answer to relator's complaint, Klosk admitted that in May 2010, he sent a letter to Ohio counsel for CitiFinancial, on behalf of the Ohio debtor. In that letter, Klosk Law Firm, Inc., held itself out as the law firm representing the debtor and referred to the debtor as the firm's client. Klosk also admitted that he later sent the creditor's counsel a copy of the aforementioned power of attorney.

{¶ 9} Thus, it is undisputed that Klosk and Klosk Law Firm, Inc., contacted Ohio counsel for CitiFinancial and indicated that they represented an Ohio resident in debt negotiations without the benefit of any legal counsel licensed to practice in Ohio.

{¶ 10} This court has original jurisdiction to define and regulate the practice of law in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Disciplinary Counsel v. Casey*, 138 Ohio St.3d 38, 2013-Ohio-5284, 3 N.E.3d 168. We regulate who may practice law in Ohio in order to "protect the public against incompetence,

divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 11} We have defined the unauthorized practice of law in Ohio to include both the "rendering of legal services for another" and the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" by any person who is not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A). Moreover, we have held that the unauthorized practice of law also includes "representation by a nonattorney who advises, counsels, or negotiates on behalf of an individual or business in the attempt to resolve a collection claim between debtors and creditors." *Ohio State Bar Assn. v. Kolodner*, 103 Ohio St.3d 504, 2004-Ohio-5581, 817 N.E.2d 25, ¶ 15, citing *Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 256, 695 N.E.2d 243 (1998), and *Cincinnati Bar Assn. v. Telford*, 85 Ohio St.3d 111, 707 N.E.2d 462 (1999). Therefore, an individual who is not licensed to practice law in Ohio who negotiates legal claims on behalf of Ohio residents or advises Ohio residents of their legal rights or the terms and conditions of settlement is engaged in the unauthorized practice of law. *Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423, 2009-Ohio-1152, 905 N.E.2d 163. The fact that a respondent procured a power of attorney executed by his customer is no defense to a charge of engaging in the unauthorized practice of law in Ohio. *See, e.g.*, *Columbus Bar Assn. v. Am. Family Prepaid Legal Corp.*, 123 Ohio St.3d 353, 2009-Ohio-5336, 916 N.E.2d 784, ¶ 76; *Telford* at 113.

{¶ 12} Based on the facts in the record and the applicable law, there is no doubt that Klosk and the Klosk Law Firm, Inc., engaged in the unauthorized practice of law. They have conceded that neither Klosk nor the firm has ever been admitted to the practice of law in Ohio and that no other member of the firm is so admitted. Despite those facts, they represented an Ohio resident in debtor-creditor negotiations with the creditor's Ohio counsel. We therefore find that Klosk and the

Klosk Law Firm, Inc., engaged in the unauthorized practice of law as defined in Gov.Bar R. VII(2)(A) and hold that summary judgment in relator's favor is appropriate.

## An Injunction and Civil Penalty Are Warranted

{¶ 13} Having found that respondents engaged in the unauthorized practice of law, we agree that an injunction should be issued to prohibit respondents from engaging in further conduct that constitutes the unauthorized practice of law in Ohio.

{¶ 14} Upon a finding that a person or company has engaged in the unauthorized practice of law, Gov.Bar R. VII(8)(B) authorizes the board to recommend and this court to impose a civil penalty in an amount up to $10,000 per offense. The board considered the factors listed in Gov.Bar R. VII(8)(B) and UPL Reg. 400(F) and found that several of those factors weigh against the imposition of a civil penalty. Specifically, the board determined that this case involved a single instance of the unauthorized practice of law and that the record did not identify any harm incurred by the sole Ohio resident affected by that conduct. Moreover, respondents' answer stated that they have "accepted no clients of any nature in any State after June, 2011, and virtually all activities any place have ceased." Nonetheless, the board recommends that we impose a civil penalty of $2,000, noting that although the respondents ultimately filed an answer to the complaint in this matter, they did nothing else to cooperate in this proceeding—they did not respond to relator's discovery requests, participate in any of the status conferences following the submission of their answer, or respond to relator's dispositive motion. Indeed, once respondents filed their answer, they chose to ignore all subsequent orders of the board—despite the fact that Klosk is a licensed attorney in at least one other jurisdiction.

{¶ 15} On these facts, we agree that a civil penalty of $2,000 is appropriate. Consistent with the board's recommendation, however, we reject relator's requests

for (1) reimbursement of its costs and expenses in the prosecution of this matter in the absence of the application and supporting documentation required by Gov.Bar R. VII(9)(A), (2) the imposition of additional sanctions for respondents' failure to comply with discovery in this case, and (3) an order of restitution for "all injured members of the public represented by respondents," *see Disciplinary Counsel v. Hernandez*, 142 Ohio St.3d 251, 2014-Ohio-5486, 29 N.E.3d 916, ¶ 24 (declining to order restitution in an unauthorized-practice-of-law case and noting that victims of the unauthorized practice of law may file a civil action for damages pursuant to R.C. 4705.07(C)(2)).

{¶ 16} Accordingly, we enjoin Michael J. Klosk and the Klosk Law Firm, Inc., from representing debtors in Ohio by advising or counseling them or by negotiating resolution of debts with creditors or creditors' counsel or otherwise engaging in conduct that constitutes the unauthorized practice of law in Ohio. We also impose against Klosk and the Klosk Law Firm, Inc., jointly and severally, a $2,000 civil penalty. Costs are taxed to Klosk and the Klosk Law Firm, Inc., jointly and severally.

Judgment Accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Fanger & Associates, L.L.C., and Jeffrey J. Fanger; and Robin L. McGuire Rose, Bar Counsel, for relator.

_____