[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Nordic Title Agency, Inc., and Hall*, Slip Opinion No. 2021-Ohio-2210.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2210

DISCIPLINARY COUNSEL *v.* NORDIC TITLE AGENCY, INC., AND HALL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Nordic Title Agency, Inc., and Hall*, Slip Opinion No. 2021-Ohio-2210.]**

*Unauthorized practice of law—Preparing and filing deeds to real property that were not reviewed by an attorney constitutes the unauthorized practice of law—Corporate conduct constituting the unauthorized practice of law cannot be imputed to a corporate officer who has not actively participated in the conduct—Civil penalty imposed against corporation.*

(No. 2021-0246—Submitted March 31, 2021—Decided July 1, 2021.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 18-02.

_____

**Per Curiam.**

{¶ 1} In a September 2018 complaint, relator, Disciplinary Counsel, charged respondents Nordic Title Agency, Inc., and Dwane Hall, the

corporation's president, chief executive officer, and sole owner, with engaging in the unauthorized practice of law in Ohio. Specifically, the complaint alleged that Nordic Title drafted and recorded more than 100 deeds and affidavits transferring real property that had not been reviewed by a licensed attorney. Nordic Title and Hall answered the complaint in October 2018.

{¶ 2} The parties submitted joint stipulations of fact. In August 2019, Hall filed a motion seeking a ruling that he cannot be held personally liable for the acts of Nordic Title's employees as a matter of law and consequently, that no penalties should be imposed against him. A few days later, relator filed a motion for summary judgment seeking a judgment and civil penalties against Nordic Title and Hall. Thereafter, the parties filed briefs, in which they essentially agreed that Nordic Title, through its employees, engaged in the unauthorized practice of law by preparing and filing 514 property deeds that had not been reviewed by an attorney. They disagreed as to whether Hall could be held personally liable for Nordic Title's unauthorized practice of law.

{¶ 3} Upon review, a three-member panel of the Board on the Unauthorized Practice of Law issued a report recommending that this court (1) find that Nordic Title engaged in the unauthorized practice of law but Hall did not, (2) impose a $10,000 civil penalty against Nordic Title, and (3) grant Hall's motion asking that penalties not be imposed against him. The board adopted the panel's report and recommendations, and no objections have been filed.

{¶ 4} For the reasons that follow, we agree that Nordic Title engaged in the unauthorized practice of law but Hall did not, and we agree that Hall is not personally liable for the corporation's conduct. We therefore grant relator's motion for summary judgment against Nordic Title, grant Hall's motion, and impose a $10,000 civil penalty against Nordic Title.

**The Stipulated Conduct**

{¶ 5} At all times relevant herein, Nordic Title was an Ohio corporation. The corporation is not and has never been admitted to the practice of law in Ohio or any other state. Indeed, "[a] corporation cannot lawfully engage in the practice of law; nor can it do so indirectly through the employment of qualified lawyers." *Judd v. City Trust & Savs. Bank*, 133 Ohio St. 81, 12 N.E.2d 288 (1937), paragraph two of the syllabus. Hall was the chief executive officer, president, and sole owner of Nordic Title and was actively involved in the daily management of the corporation.

{¶ 6} In approximately 2008, Nordic Title contracted with attorney Ryan Kuhn to review deeds and other instruments transferring the title of real property, and it agreed to pay him $50 per document. Nordic Title had an unwritten policy that all such documents were to be reviewed by an attorney. Typically, a Nordic Title employee (who was not an attorney) would insert relevant information— including the names of the grantor and grantee and the legal description of the property—into a deed template and then send the draft deed to Kuhn for his legal review and approval.

{¶ 7} In 2009, Kuhn received a call from the Franklin County Recorder's Office regarding an error in a deed. The deed stated, "This instrument prepared by: Ryan Kuhn, Attorney," but Kuhn had not prepared or reviewed the deed on behalf of Nordic Title. At that time, Kuhn contacted Hall. Although the parties stipulated that Hall did not recall that conversation, they also agreed that he (1) informed Kuhn that an associate of Nordic Title had used an old deed that had been prepared by Kuhn to draft a new deed for the associate's own property, (2) assured Kuhn that there were no other deeds falsely bearing Kuhn's name, and (3) promised that Nordic Title would not place Kuhn's name on any deed that he had not reviewed.

**{¶ 8}** Kuhn continued to review deeds and affidavits for Nordic Title after that incident. But in early 2015, the volume of documents Nordic Title submitted to Kuhn for review decreased considerably after he declined a request to issue title opinions on behalf of Nordic Title.

**{¶ 9}** In July 2016, Kuhn received a call from the Morrow County Engineer's Office informing of him of an error in a deed that bore his name as the preparer, though Kuhn had not prepared or reviewed the deed. Following that call, Kuhn searched the Franklin County Recorder's Office online records and found multiple deeds that identified him as the preparer—though he had neither prepared nor reviewed them.

**{¶ 10}** The parties have stipulated that Nordic Title, through its employees, prepared and filed at least 514 deeds or affidavits that falsely identified Kuhn as the preparer—including 118 that were identified in relator's complaint. Although Kuhn had reviewed and submitted invoices for just two documents from January through September 2016, Nordic Title attributed 111 deeds or affidavits to him and billed each client $50 for attorney preparation or review of the document.

**{¶ 11}** Instances in which Nordic Title failed to submit deeds for review by Kuhn appear to have been random but occurred with increasing frequency as the years passed. According to Hall, Nordic Title's computer software showed that two employees likely prepared the majority of the deeds in question—though it was impossible to tell from the face of any deed who prepared it. No Nordic Title employee has admitted to failing to send the deeds for Kuhn's review, and no employee has been able to explain why the deeds were not sent. Moreover, there was no procedure in place to verify that the deeds were, in fact, reviewed by Kuhn prior to closing.

**{¶ 12}** There is no evidence that Hall prepared any of the deeds at issue or that he directed his employees to forgo attorney review of any deeds. However,

Hall did stipulate that he failed to ensure that Nordic Title used a licensed attorney to draft or review legal documents on behalf of its clients. Hall attended closings for many of the properties at issue and notarized the signatures on those deeds, but he was not aware that Nordic Title's employees had failed to submit the deeds for Kuhn's review. Hall was, however, aware that on several occasions Kuhn's invoices did not include charges for deeds that had been used at closings. Although the fees for the review of the deeds and affidavits accumulated and remained undisbursed, Hall had assumed that any disparity between the amount of fees collected and the amounts paid to Kuhn was the result of Kuhn's billing practices. Accordingly, Hall had instructed an employee to transfer the unpaid fees from Nordic Title's trust account to its operating account and hold them until Kuhn submitted his invoices.

{¶ 13} After relator commenced his investigation, Hall and Nordic Title took additional steps to ensure that deeds would be properly reviewed by an attorney. In the fall of 2016, Hall met with Nordic Title employees to explain the nature of relator's investigation and why all deeds must be reviewed by an attorney. And in November 2017, Nordic Title added a three-step process to its closing checklist to ensure that every deed used in its transactions was approved by an attorney.

{¶ 14} There is no evidence that any of Nordic Title's clients were harmed by respondents' failure to ensure that their deeds were reviewed by an attorney prior to recording. Nordic Title and Hall have refunded the fees charged to their clients with respect to the 118 deeds identified in relator's complaint. They have also voluntarily refunded the fees for the additional 396 sellers who have been identified as paying for review of a deed or affidavit but who were not listed in relator's complaint. Of the 514 refund checks issued, 340 have been negotiated for a total of $17,000. The remaining 174 were not deliverable as addressed and

were returned to Nordic Title. Nordic Title has submitted those refunds, totaling $8,750, to Ohio's Division of Unclaimed Funds.

{¶ 15} Nordic Title ceased operation on December 14, 2018, and filed a certificate of dissolution with the Ohio Secretary of State on February 13, 2019.[1] A related company, Nordic Title Agency, L.L.C., was dissolved in 2010.

**Nordic Title Engaged in the Unauthorized Practice of Law, But Hall Did Not**

{¶ 16} This court has original jurisdiction over the admission to the practice of law in Ohio, the discipline of persons so admitted, and "all other matters relating to the practice of law," Article IV, Section 2(B)(1)(g), Ohio Constitution, which includes the regulation of the unauthorized practice of law, *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 17} We have defined the unauthorized practice of law to include both the "rendering of legal services for another" and the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" by any person who is not authorized to practice law under our rules. Gov.Bar R. VII(2)(A)(1) and (4). And we have consistently held that the practice of law encompasses the preparation of legal documents and instruments upon which legal rights are secured or advanced. *See Akron Bar Assn. v. Greene*, 77 Ohio St.3d 279, 280, 673 N.E.2d 1307 (1997); *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934). A nonlawyer's preparation of deeds conveying real property without a lawyer's supervision constitutes the unauthorized practice of law. *See Toledo Bar Assn. v. Chelsea Title Agency of*

---

1. R.C. 1701.88 provides that an action proceeding against a corporation at the time of its dissolution may be prosecuted to judgment.

*Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7; *Lorain Cty. Bar Assn. v. Kennedy*, 95 Ohio St.3d 116, 766 N.E.2d 151 (2002).

{¶ 18} "Summary judgment may be granted when properly submitted evidence, construed in favor of the nonmoving party, shows that the material facts in the case are not in dispute and that the moving party is entitled to judgment as a matter of law because reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 2009-Ohio-5958, 918 N.E.2d 145, ¶ 9; see Civ.R. 56(C). The board found that relator had satisfied this standard with respect to Nordic Title and that the corporation had engaged in the unauthorized practice of law by preparing and filing property deeds that had not been reviewed by an attorney but that relator failed to meet his burden of proof with respect to Hall.

{¶ 19} It is undisputed that Nordic Title engaged in the unauthorized practice of law through its employees. It is a fundamental rule of corporate law that shareholders, officers, and directors are not normally liable for the debts of a corporation. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roarke Companies, Inc.*, 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993), citing Presser, *Piercing the Corporate Veil* 1-4 (1991). Ohio law has long recognized, however, that a corporate officer may be held personally liable for actions of the corporation if the officer was a participant in the wrongful act. *See, e.g., Young v. Featherstone Motors, Inc.*, 97 Ohio App. 158, 172, 124 N.E.2d 158 (1954). And we have held:

> The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be

held liable was exercised in such a manner as to commit fraud or an illegal act [or a similarly unlawful act] against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere* at paragraph three of the syllabus, as modified by *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 29 (modification is indicated by the bracketed language above).

{¶ 20} Here, the evidence shows that Hall did not prepare any of the deeds or affidavits at issue and that the corporation's policy required all deeds and other legal instruments to be reviewed by an attorney. Relator has not identified any legal authority holding that corporate conduct constituting the unauthorized practice of law may be imputed to a corporate officer who has not actively participated in that conduct. Nor has relator shown that Hall exercised such complete control over the corporation that it had no separate mind, will, or existence of its own. Therefore, relator cannot establish all three of the elements necessary to pierce the corporate veil and hold Hall personally responsible for the acts of Nordic Title.

{¶ 21} After thoroughly reviewing the record and evidence submitted by the parties, we agree with the board's assessment that relator is entitled to judgment as a matter of law that Nordic Title engaged in the unauthorized practice of law, but that he failed to meet his burden of proof with respect to Hall. We also agree that Hall is entitled to a judgment as a matter of law that he cannot be held personally responsible for the corporation's actions constituting the unauthorized practice of law.

### A Civil Penalty Is Warranted

{¶ 22} After weighing the factors set forth in Gov.Bar R. VII(8)(B) (including the degree of cooperation in the investigation, the number and

flagrancy of the violations, and the resulting harm), the board recommends we impose a civil penalty of $10,000 on Nordic Title for preparing and recording at least 514 deeds to transfer title to real property even though those documents had not been reviewed by an attorney.

{¶ 23} We acknowledge that Hall and Nordic Title fully cooperated in relator's investigation of this matter but agree with the board's assessment that the sheer number of deeds that were not reviewed by an attorney demonstrates that there was a systemic failure within the corporation. The evidence shows, however, that once that failure came to light, Hall and the corporation took decisive action, not only to prevent such a failure going forward but to refund the $50 fee paid by each of the affected clients—$25,750 in all. On these facts, we agree that a $10,000 civil penalty is sufficient to punish Nordic Title for its unauthorized practice of law and to serve as a deterrent to others.

### Conclusion

{¶ 24} Accordingly, we hold that relator is entitled to judgment as a matter of law that Nordic Title Agency, Inc., engaged in the unauthorized practice of law, and that Dwane Hall is entitled to judgment as a matter of law that he cannot be held personally responsible for the corporation's actions constituting the unauthorized practice of law. Nordic Title Agency, Inc., is hereby ordered to pay a civil penalty of $10,000. Costs are taxed to Nordic Title Agency, Inc.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Lia J. Meehan and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

The Behal Law Group, L.L.C., and Jack D'Aurora, for respondents.

_____