[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 256.]

CLEVELAND BAR ASSOCIATION *v.* MISCH.

[Cite as *Cleveland Bar Assn. v. Misch*, 1998-Ohio-413.]

*Unauthorized practice of law — Individual admitted to practice law in Illinois but not authorized to practice law in Ohio who counseled an Ohio client with respect to its Ohio tax obligations and represented that client before the Board of Tax Appeals, drafted buy-sell agreements for Ohio companies, and acted as legal counsel to corporations located in Ohio is engaged in the unauthorized practice of law.*

(No. 97-2501—Submitted  March 24, 1998—Decided June 24, 1998.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 96-1.

———————————

{¶ 1} On February 13, 1996, relator, Cleveland Bar Association, filed a complaint charging that respondent, Paul M. Misch of Wadsworth, Ohio, an attorney admitted to practice law in Illinois, had engaged in the unauthorized practice of law in Ohio.  The complaint alleged that respondent counseled an Ohio client with respect to its Ohio tax obligations and represented that client before the Board of Tax Appeals, drafted buy-sell agreements for Ohio companies, and acted as legal counsel to corporations located in Ohio.  Respondent answered that he was employed as an independent contractor by the Cleveland law firm of Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze ("Sindell") from 1989 to 1993 to render advice on federal matters including federal tax advice, and he denied the allegations of the complaint.

{¶ 2} The matter was heard by the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court ("board") on December 13, 1996, January 15, 1997, and March 7, 1997.  The board found that respondent was

admitted to practice in Illinois and in the United States District Court for the Northern District of Ohio. It also found that he had never been admitted to the practice of law in Ohio. From 1989 through 1993, respondent was employed by the Evergreen Environmental Group ("Evergreen") in Cleveland. During a part of that time, respondent was listed among the executive officers in the Evergreen internal telephone directory as "Attorney."

{¶ 3} The board found that in 1989, respondent began working for the Sindell law firm, and in 1990 the firm entered into an agreement with respondent whereby respondent was to provide advice and counsel to some of Sindell's clients with respect to mergers and acquisitions, refinancing, and related corporate matters as a "consultant," under the supervision of Sindell partner Thomas C. Pavlik. The board further found that respondent used the offices of Sindell, met with the clients of Sindell, wrote letters to Sindell's clients using the firm letterhead without designating that he was not licensed to practice law in Ohio, and communicated by telephone with Sindell's clients. On its bills, Sindell designated respondent as "Federal Court Counsel" and charged his time at $160 per hour.

{¶ 4} Respondent, working out of his office at Evergreen, represented Sindell client Better Meat Products Company ("Better Meat") in labor negotiations and in meetings with potential buyers. In conjunction with the sale of Better Meat assets to Best Country Meats, Inc., respondent prepared asset purchase agreements and negotiated with the Ohio Department of Development. A financing application, which he prepared for Best Country Meats and filed with the Cuyahoga County Department of Development in December 1990, was signed by respondent as "General Counsel" for the applicant. That same month he also signed the "Information Record" filed with the Ohio Department of Development, as "General Counsel" for Best Country Meats.

{¶ 5} The time which respondent devoted to Better Meat and Best Country Meats from September 1990 through April 1991 was billed to Better Meat on

2

Sindell's letterhead. These billings show that respondent engaged in numerous conferences and drafted contracts and applications for both companies. The billings for this seven-month period indicate that respondent charged 110.2 hours to Better Meat. They also show 7.3 hours charged by Pavlik to Better Meat, but none of Pavlik's hours relates to the review of respondent's work.

{¶ 6} The board also found that respondent acted on behalf of Elizabeth D. Kasper (a.k.a. Elizabeth Reed) and another troubled Sindell client, Kasper Foundry Company, owned by Kasper's parents. Respondent, while at Evergreen, provided Kasper with advice about the restructuring of the foundry, met with banks, and arranged for the transfer of the foundry stock to a new corporation owned by her. The foundry then continued to operate as E.D.K. Ironworks. In addition, respondent negotiated terms, drafted contracts, and advised Kasper with respect to the sale of her residence.

{¶ 7} Finally, the board found that respondent provided state tax advice to Sindell client, Manfredi Motor Transit Company, represented it before the Ohio Department of Taxation, and drafted a notice of appeal for Manfredi to the Board of Tax Appeals.

{¶ 8} Since 1993, respondent has refrained from activities similar to those recited in the complaint, and at the time of the hearings served as president of a Brunswick, Ohio corporation.

{¶ 9} The board concluded that this activity of respondent from 1989 to 1993 constituted the unauthorized practice of law and recommended that he be prohibited from engaging in such practices in the future.

———————————

*Apicella & Trapp*, *F.M. Apicella* and *Mary Jane Trapp;* and *K. Ann Zimmerman,* for relator.

*Kaufman & Cumberland Co., L.P.A.*, and *William W. Jacobs,* for respondent.

*Per Curiam*.

**{¶ 10}** "No person shall be permitted to practice as an attorney and counselor at law * * * unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." R.C. 4705.01. Rendering legal services for another in Ohio by a person not admitted to practice in Ohio is the unauthorized practice of law. Gov.Bar R. VII(2)(A).

**{¶ 11}** Admission to the bar of Ohio may be accomplished through examination under Gov.Bar R. I(1-7) or, if the applicant has been admitted as an attorney in the highest court of another state or the District of Columbia, without examination under Gov.Bar R. I(9). Additionally, a lawyer admitted in another state or the District of Columbia, but not in Ohio, may register for corporate status under Gov.Bar R. VI(4) and perform legal services in Ohio solely for a nongovernmental Ohio employer, as long as the lawyer is a full-time employee of that employer. The lawyer, however, may not practice before a court or agency in Ohio on behalf of the lawyer's employer or any person except himself or herself, unless granted leave by the court or agency. Also, a lawyer admitted and with an office in another state, but not in Ohio, may, pursuant to Gov.Bar R. I(9)(H), appear in a cause being litigated in Ohio with leave of the judge hearing such cause. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617. Such a lawyer may also advise out-of-state clients on Ohio law and prepare documents to be given legal effect in Ohio, assuming he or she has the requisite competence to do so. *Bd. of Commrs. on Grievances & Discipline* (Aug. 17, 1990), Op. No. 90-12, 1990 WL 640507.

**{¶ 12}** Respondent, an attorney admitted and in good standing in Illinois and admitted to the United States District Court for the Northern District of Ohio, became a resident of Ohio in 1988, but took no steps to seek admission to the bar of Ohio by examination or on motion. Nor did respondent register for corporate

status under Gov.Bar R. VI(4). Respondent did not maintain an office for the practice of law in Illinois. Instead, he was employed as an officer by Evergreen and provided advice on a consulting basis to the Sindell firm. If the activities of respondent constituted the rendering of legal services in Ohio, then respondent was engaged in the unauthorized practice of law.

{¶ 13} We have consistently held that the practice of law is not limited to appearances in court, but also includes giving legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are preserved. *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O 313, 315, 193 N.E. 650, 652; *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 7, 684 N.E.2d 288, 290.

{¶ 14} Respondent counseled Better Meat and Kasper with respect to the options each had to maintain itself in business. He drafted buy-sell agreements and applications for financing. On behalf of Manfredi he negotiated with the Ohio Department of Taxation and prepared a notice of appeal for filing at the Ohio Board of Tax Appeals. These activities appear to constitute the rendering of legal services.

{¶ 15} Respondent characterized these activities as ones which might be performed by a business consultant, a business broker, or a paralegal. He claimed to have worked for Sindell in these capacities as an independent contractor on a project-by-project basis. He said that he was admitted to the United States District Court for the Northern District of Ohio and that the suggestions he gave (apparently those not related to federal matters) constituted financial advice, not legal advice. And he said that he did not draft legal papers; he merely worked on documents drafted by others and assembled contracts and exhibits into final form.

{¶ 16} However, the record indicates that respondent's advice involved more than determining the best financial structure for an ongoing business. Instead, his advice, related as it was to businesses in distress, necessarily involved considerations of state as well as federal insolvency law. Respondent, in fact,

negotiated with labor unions, with creditors, and with banks in the restructuring of the corporations.

{¶ 17} In addition, the record does not support respondent's claim that he was not responsible for the production of legal documents. The Sindell billings to Better Meat indicate that the documents which respondent drafted for that company and for Best Country Meats were not reviewed by an attorney admitted to practice in Ohio. Respondent's responsibilities were far greater than that of a legal assistant who is delegated the task of drafting routine documents under the supervision of a lawyer.

{¶ 18} Finally, respondent claimed that his participation in the Manfredi matter was limited to providing advice to the Sindell firm on federal bankruptcy matters and other federal matters that might relate to the case. However, the record indicates that respondent accompanied by another Manfredi lawyer, not in the Sindell firm, met with Ohio tax officials to discuss "the economics of the case, the double taxation that was occurring, and what, if any, settlement could be made with the [s]tate." The record also indicates that respondent prepared an appeal for Manfredi to the Board of Tax Appeals. In the Manfredi matter, respondent did not limit his advice to federal matters, nor was his advice funneled through the Sindell firm. Moreover, respondent prepared a notice of appeal to the Board of Tax Appeals, which apparently was not reviewed by a Sindell partner. The regulations of the BTA, like our Rules for the Government of the Bar, provide that unless a waiver is obtained, practice before the Board of Tax Appeals is limited to attorneys admitted to practice in Ohio. Ohio Adm.Code 5717-1-02.

{¶ 19} We also note that R.C. 4705.07 provides in part, "No person who is not regularly licensed to practice law in this state shall hold himself out in any manner as an attorney at law, or shall represent himself either orally or in writing, directly or indirectly, as authorized to practice law." Our Rules for the Government of the Bar provide that "an attorney who is admitted to the practice of law in another

6

state, but not in Ohio, and who is employed by * * * an Ohio law firm * * * [u]ntil * * * admitted to the practice of law in Ohio * * * may not practice law in Ohio [or] hold himself or herself out as authorized to practice in Ohio." Gov.Bar R. VI(4)(D). By his silence, respondent allowed Sindell clients and others to believe that he was licensed to practice law in Ohio, and respondent, by signing documents as "General Counsel," and by preparing the notice of appeal to the BTA, directly and indirectly held himself out as authorized to practice law in Ohio.

{¶ 20} Based on the evidence before us, we find that a significant part of respondent's conduct with respect to Better Meat, Kasper, and Manfredi constituted rendering legal services. Since respondent did not register with the Supreme Court or obtain leave to practice before the BTA, as required by the relevant statutes, rules, and regulations, we conclude that respondent was engaged in the unauthorized practice of law. Respondent is hereby enjoined from the further practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————