DAYTON BAR ASSOCIATION *v.* ADDISON.

[Cite as *Dayton Bar Assn. v. Addison,*
107 Ohio St.3d 153, 2005-Ohio-6044.]

(No. 2004–2111—Submitted March 9, 2005—Decided November 30, 2005.)

**Per Curiam.**

{¶ 1} In an amended complaint filed on August 27, 2003, relator, Dayton Bar Association, charged respondent, Clarence W. Addison II, of Huber Heights, Ohio, with engaging in the unauthorized practice of law. Respondent, who was represented by counsel during relator's investigation but not after the amended complaint was filed, was served with the original and amended complaints but did not answer them, and relator moved for default pursuant to Gov.Bar R. VII(7)(B). On May 27, 2004, respondent moved for a new hearing date and for an extension of time in which to oppose the motion for default.

{¶ 2} In light of respondent's appearance, the Board of Commissioners on the Unauthorized Practice of Law denied the motion for default on June 23, 2004, and scheduled a new hearing date. Respondent, however, did not make another appearance in the matter, and on July 19, 2004, relator asked the board to either order respondent to answer the complaint or reconsider the motion for default. On September 13, 2004, the board granted the motion for default, and on December 22, 2004, the board filed a final report in this court, containing findings of fact, conclusions of law, and a recommendation.

{¶ 3} According to his answers to interrogatories, respondent is president and CEO of The Addison Group, Ltd. ("TAG"), which was incorporated in 1999 and has its principal place of business in Dayton, Ohio. According to respondent, "[t]he reason for the creation of [TAG] was to be a multi-faceted marketing company, including the creation of marketing strategies for other businesses, marketing of other companies, life insurance sales, etc." TAG employs only two persons, respondent and a vice-president and chief financial officer.

{¶ 4} Respondent is not and has never been an attorney admitted to the practice of law, granted active status, or certified to practice law in the state of Ohio pursuant to Gov.Bar R. I, II, VI, IX, or XI. Yet on December 27, 2001, respondent prepared for Helen M. Smith the following legal documents: a will, a

durable power of attorney, a durable power of attorney for health care, a living will, and a declaration of trust. Only the living will specified that it was prepared by respondent; however, respondent admitted that he had prepared all of the documents.

{¶ 5} Although before the formal complaint was filed respondent admitted that he had engaged in the unauthorized practice of law and agreed to stop practicing law, relator pursued discovery to determine whether respondent had prepared estate-planning documents for others. During the investigation, respondent provided relator with a list of over 50 individuals and couples for whom, during the period from 1995 through 2002, respondent had prepared estate-planning documents. Respondent also prepared quitclaim deeds for some of his customers.

{¶ 6} Relator later amended the complaint to include the allegations of respondent's unauthorized practice of law in relation to all those named by respondent. The amended complaint also prayed for the imposition of a civil penalty against respondent, afforded by Gov.Bar R. VII(8)(B), asking for fines of up to $10,000 per offense.

{¶ 7} The board determined that respondent had repeatedly prepared legal instruments for dozens of persons. (At least one of these instruments, the Smith will, was withdrawn "due to certain irregularities" from the probate court's consideration by agreement of all potential beneficiaries.) The board found that respondent had thereby practiced law without a license.

{¶ 8} The board recommended that we enjoin respondent from engaging in the unauthorized practice of law in the future. After considering the factors listed in Gov.Bar R. VII(8)(D)(1) through (5), the board also recommended that we impose a $10,000 civil penalty. The board found that respondent had not cooperated in the investigation of his illegal conduct, that he had prepared possibly hundreds of legal documents on which customers were relying to their possible detriment, and that he did nothing (other than supply his customers' names) to assist relator in finding and notifying his customers of their need to seek legal advice regarding their estate-planning needs.

{¶ 9} On review, we agree that respondent engaged in the unauthorized practice of law and that an injunction is warranted. Pursuant to Gov.Bar R. VII(19)(D)(1)(c), we further agree that respondent's illegal conduct warrants a $10,000 fine. See, e.g., *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29.

{¶ 10} Section 2(B)(1)(g), Article IV of the Ohio Constitution, confers on this court original jurisdiction over all matters related to the practice of law. A person who is not admitted to practice law in Ohio under Gov.Bar R. I and is not granted active status under Gov.Bar R. VI or certified under Gov.Bar R. II, IX,

or XI engages in the unauthorized practice of law when he or she provides legal services to another. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 11} "[T]he practice of law is not limited to appearances in court, but also includes giving legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are preserved." *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650. And we have consistently held that giving legal advice and preparing wills, trusts, powers of attorney, and deeds constitute the unauthorized practice of law. *Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7; *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 684 N.E.2d 288; and *Trumbull Cty. Bar Assn. v. Hanna* (1997), 80 Ohio St.3d 58, 684 N.E.2d 329.

{¶ 12} Respondent is therefore enjoined from engaging in the unauthorized practice of law in Ohio, including the preparation of wills, trusts, powers of attorney, and deeds. Moreover, we believe that imposing a civil penalty will further the purposes of Gov.Bar R. VII. Hence, we also fine respondent the sum of $10,000. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Faruki, Ireland & Cox, P.L.L., and Timothy G. Pepper, for relator.