GEAUGA COUNTY BAR ASSOCIATION *v.* HAIG.

[Cite as *Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271.]

*Unauthorized practice of law—Preparation of answers and motion in court cases—Injunction issued.*

(No. 2011-0564 — Submitted May 25, 2011 — Decided September 1, 2011.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 10-07.

_____

**Per Curiam.**

{¶ 1} Relator, the Geauga County Bar Association, charged that respondent, Richard Haig of Brooklyn, Ohio, committed the unauthorized practice of law. Respondent is not an attorney. In the conduct at issue here, Haig prepared pleadings that his customers filed in two foreclosure cases before the Geauga County Court of Common Pleas. The Board on the Unauthorized Practice of Law concluded that these actions violated Ohio licensure requirements and recommends that we issue an injunction. Upon review, we agree that respondent engaged in the unauthorized practice of law, assess costs, and enjoin him from committing further illegal acts.

{¶ 2} Section 2(B)(1)(g), Article IV of the Ohio Constitution allocates to this court jurisdiction over matters relating to the practice of law, including policing the unauthorized practice of law. *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, at ¶ 16; *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, at ¶ 16. The unauthorized practice of law occurs when a person provides legal services to another in this state without admission to the practice of law or certification for limited practice pursuant to the Supreme Court Rules for the Government of the

Bar. Gov.Bar R. VII(2)(A); see also R.C. 4705.01. This includes the preparation of legal documents for others. *Miami Cty. Bar Assn. v. Wyandt & Silvers, Inc.*, 107 Ohio St.3d 259, 2005-Ohio-6430, 838 N.E.2d 655, at ¶ 11.

{¶ 3} Haig is a loan officer who is not admitted to the practice of law in Ohio. However, Haig drafted documents that his customers filed with the Geauga County Court of Common Pleas in two foreclosure cases.

{¶ 4} In *CitiMortgage, Inc. v. Detweiler*, Geauga C.P. No. 08F000143, Haig prepared the following legal instruments for Elizabeth M. and John E. Detweiler: (1) a "Requrest [sic] for Additional Time in [sic] to Answer or Respond to Plaintiff's Complaint" for Elizabeth M. Detweiler, filed April 9, 2008; (2) an answer for Elizabeth M. Detweiler, filed on April 25, 2008, and (3) an answer for John E. Detweiler, filed April 25, 2008.

{¶ 5} In *CitiMortgage, Inc. v. Miller*, Geauga C.P. No. 08F000436, Haig prepared the following legal instruments for Sarah D. and Willis M. Miller: (1) a "Requrest [sic] for Additional Time in [sic] to Answer or Respond to Plaintiff's Complaint" for Willis M. Miller, filed May 20, 2008, (2) a "Requrest [sic] for Additional Time in [sic] to Answer or Respond to Plaintiff's Complaint" for Sarah D. Miller, filed May 20, 2008, (3) an answer for Willis M. Miller, filed June 25, 2008, and (4) an answer for Sarah D. Miller, filed June 25, 2008.

{¶ 6} It appears that Haig's misconduct did not harm his customers. The Detweilers eventually retained counsel, who obtained leave to file an amended answer and to conduct discovery. The Millers did not retain counsel, but the court of common pleas dismissed the case against them on August 28, 2008.

{¶ 7} After being contacted by relator, Haig mailed relator a handwritten letter admitting the incidents described above and explaining that he was unaware that he had violated the law. Subsequently, relator filed a two-count complaint alleging that Haig had engaged in the unauthorized practice of law. Relator recommended against imposing a civil penalty. Haig did not file an answer, and

the hearing panel granted a motion for default on the matter and submitted a report to the board. The hearing panel determined that Haig had committed the unauthorized practice of law and recommended injunctive relief. Additionally, after reviewing the aggravating and mitigating factors enumerated by UPL Reg. 400(F)(3) and (4), the panel concluded that a civil penalty was not appropriate in light of Haig's cooperation with the investigation of his misconduct and in light of his apparent lack of awareness that his conduct was improper. The Board on the Unauthorized Practice of Law adopted the panel's recommendations.

{¶ 8} On April 13, 2011, we gave Haig 20 days to show cause why we should not adopt the recommendations of the board. We have received no reply from Haig.

{¶ 9} Based on the evidence before us, it is clear that Haig prepared legal instruments for others, which were filed in the Geauga County Court of Common Pleas. Haig committed these violations unwittingly, and they caused no harm to his customers. Therefore, we hereby find that Haig has engaged in the unauthorized practice of law. Haig is enjoined from any future conduct constituting the unauthorized practice of law, including the preparation of legal documents for others. Under the circumstances, we decline to impose a civil penalty. Costs are taxed to Haig.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Ziegler, Metzger & Miller, L.L.P., and Stephen M. Bales, for relator.

_____