DISCIPLINARY COUNSEL *v.* CASEY.

[Cite as *Disciplinary Counsel v. Casey,* 138 Ohio St.3d 38, 2013-Ohio-5284.]

*Unauthorized practice of law—Filing legal pleadings and providing advice regarding a legal matter—Consent decree—Injunction issued and civil penalty imposed.*

(No. 2013-0593—Submitted June 5, 2013—Decided December 5, 2013.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 12-01.

————————————

**Per Curiam**.

{¶ 1} On March 12, 2012, relator, disciplinary counsel, filed a complaint with the Board on the Unauthorized Practice of Law against respondent, Paige N. Casey. The complaint alleged that Casey had held herself out as an attorney to Jeremy Fishman and had attempted to represent Fishman in the Euclid Municipal Court. The complaint further alleged that Casey had falsely held herself out to be a certified legal intern with authorization to practice law to a prosecutor, a judge, and the staff of the clerk of the Euclid Municipal Court. Casey has never been licensed, certified, or otherwise authorized to practice law in Ohio.

{¶ 2} Casey responded to relator's letter of inquiry during the initial investigation but failed to file an answer after being served with the complaint. Relator filed a motion for default on May 25, 2012, attaching extensive documentary evidence of Casey's unauthorized practice of law. A panel of the board was appointed to hear the case, and it issued an order for Casey to show cause why a default judgment should not be entered against her. Casey failed to file a response after being served with the order.

{¶ 3} The panel granted relator's motion for default after reviewing the submitted evidence, which included e-mail correspondence from Casey and a filed legal pleading bearing Casey's signature as well as affidavits from individuals to whom Casey had held herself out to be an attorney or certified legal intern. The panel submitted a report to the board determining that Casey had engaged in the unauthorized practice of law. The panel recommended enjoining Casey from further engaging in the unauthorized practice of law and imposing a $1,000 civil penalty.

{¶ 4} The board adopted the panel's findings of fact and conclusions of law and filed a report with this court recommending that we issue an order finding that Casey had engaged in the unauthorized practice of law, that we impose a $1,000 civil penalty on her, and that we enjoin her from engaging in the unauthorized practice of law in the future. We agree that Casey engaged in the unauthorized practice of law. We accordingly enjoin Casey from engaging in the unauthorized practice of law, assess costs, and order her to pay a $1,000 civil penalty.

### Respondent's Conduct

{¶ 5} Casey is not and has never been admitted to the practice of law in Ohio pursuant to Gov.Bar R. I, nor has she ever been issued a legal-intern certificate pursuant to Gov.Bar R. II. Casey thus has never been authorized to provide legal representation in any capacity in this state.

{¶ 6} In October 2010, Casey was dismissed from the Ohio State University Moritz College of Law without earning her juris doctor degree. In October 2011, Casey told a friend, Jeremy Fishman, that she was an attorney and offered to represent him in the Euclid Municipal Court regarding a traffic citation that he had received. She contacted the assistant city prosecutor, Jason L. Carter, under the guise of conducting an informational interview about his career. At their October 18, 2011 meeting, Casey asked Carter for advice on Fishman's

citation, describing Fishman as a "prospective client." When Carter pointed out that Casey was impermissibly attempting to conduct a pretrial conference on Fishman's behalf without being a licensed attorney, Casey claimed that she was a certified legal intern with permission to do so.

{¶ 7} Casey filed a plea in absentia on Fishman's behalf in the Euclid Municipal Court. She identified herself on the plea form as Fishman's attorney, and instead of providing an attorney-registration number, she wrote "pending bar exam under supervision of atty." The next morning, Casey went to the Euclid Municipal Court clerk's office and requested to withdraw the previously filed plea, stating that her "client" wanted a pretrial. Casey caused a disturbance by loudly arguing with court personnel, catching the attention of both Carter and Euclid Municipal Court Judge Deborah A. LeBarron. Judge LeBarron personally spoke with Casey, and Casey claimed that she was appearing at the court as a legal intern under the supervision of Legal Aid. Judge LeBarron indicated that she did not believe that Casey was authorized to provide legal representation and prohibited Casey from representing Fishman in any capacity at the court.

{¶ 8} Thereafter, Casey sent an e-mail to Carter in which she again maintained that she was a legal intern, claiming that she had signed Fishman's plea form as his attorney because it was an accepted practice with Legal Aid in Columbus for legal interns to do so. In e-mail correspondence with both Carter and Fishman, Casey used the signature "Paige N. Casey, J.D./M.B.A." When Fishman ultimately appeared at the Euclid Municipal Court and pleaded guilty to an amended charge, he was accompanied by Casey and was still under the impression that she was representing him. Casey attempted to charge a $500 fee for her legal services, which Fishman refused to pay.

### Respondent Engaged in the Unauthorized Practice of Law

{¶ 9} This court has original jurisdiction to define and regulate the practice of law in Ohio, including the unauthorized practice of law. Article IV,

Section 2(B)(1)(g), Ohio Constitution; *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606, ¶ 18. The unauthorized practice of law includes the provision of legal services for another by a person who is neither admitted to the practice of law pursuant to Gov.Bar R. I nor certified for the limited practice of law pursuant to Gov.Bar R. II. *Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271, 955 N.E.2d 352, ¶ 2; Gov.Bar R. VII(2)(A)(1).

{¶ 10} The provision of legal services includes all advice provided to and all action taken on behalf of another in matters connected with the law. *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus. This necessarily encompasses preparing pleadings and other legal documents, as well as representing another during court proceedings, pretrial conferences, and communications with opposing counsel. *Disciplinary Counsel v. Brown*, 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210, ¶ 10-11. Although an unlicensed or uncertified individual may provide certain assistance related to the provision of legal services, the individual's actions must be closely supervised and approved by a licensed attorney. *Davie* at ¶ 20. Without such supervision, the individual's legal services constitute the unauthorized practice of law. *See id.* at ¶ 21. The fact that a nonattorney does not ultimately receive payment for the provision of legal services is irrelevant to the determination of whether he or she engaged in the unauthorized practice of law. *Cleveland Bar Assn. v. Henley*, 95 Ohio St.3d 91, 766 N.E.2d 130 (2002), citing *Geauga Cty. Bar Assn. v. Canfield*, 92 Ohio St.3d 15, 16, 748 N.E.2d 23 (2001).

{¶ 11} The unauthorized practice of law also includes representing that one is authorized to practice law in Ohio despite having no authorization to do so. *Disciplinary Counsel v. Pratt*, 127 Ohio St.3d 293, 2010-Ohio-6210, 939 N.E.2d 170, ¶ 18; *Cleveland Bar Assn. v. Misch*, 82 Ohio St.3d 256, 260-261, 695 N.E.2d 244 (1998); Gov.Bar R. VII(2)(A)(4); R.C. 4705.07(A). It is possible to directly

or indirectly create the misimpression of authority to practice law through the manipulation of credentials and strategic silence. *See Misch* at 261. Additionally, the use of academic degrees such as "J.D." or honorifics such as "Esq." in written correspondence can easily mislead others to believe that the person using the title is an attorney and is therefore a factor that may contribute to a finding that the person has represented to others that she is authorized to practice law. *See Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423, 2009-Ohio-1152, 905 N.E.2d 163, ¶ 43-45; *Disciplinary Counsel v. Goetz*, 107 Ohio St.3d 22, 2005-Ohio-5830, 836 N.E.2d 556, ¶ 3.

{¶ 12} The evidence before us clearly demonstrates that Casey provided advice regarding a legal matter, prepared and filed legal pleadings, and attempted to communicate with opposing counsel on behalf of Fishman. The evidence also demonstrates that Casey held herself out as a licensed attorney to Fishman and that she represented to Carter, LeBarron, and other employees of the Euclid Municipal Court that she had the authority to practice law as a certified legal intern. She has therefore engaged in the unauthorized practice of law by providing legal services for another without being admitted or certified to practice law and by falsely representing that she was authorized to practice law, in violation of Gov.Bar R. VII(2)(A)(1) and (4).

### An Injunction and Civil Penalties Are Warranted

{¶ 13} Because we find that Casey engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting her from further engaging in the unauthorized practice of law.

{¶ 14} We also accept the board's recommendation that we impose civil penalties pursuant to Gov.Bar R. VII(8)(B), which instructs us to consider (1) the degree of a respondent's cooperation during the investigation, (2) the number of times the respondent committed the unauthorized practice of law, (3) the flagrancy of the respondent's violation, (4) any harm suffered by third parties

from the violation, and (5) any other relevant factors. We may consider other relevant factors, including mitigating and aggravating circumstances, pursuant to UPL Reg. 400(F).

{¶ 15} Because Casey did not participate in the proceedings against her, she did not provide any mitigating evidence. Relator asserted in his motion for default that he was unaware of any mitigating factors related to Casey's violation.

{¶ 16} We recognize that no harm was suffered by any third parties as a result of Casey's actions. We also note that Casey was initially cooperative by responding to relator's second letter of inquiry at the beginning of the investigation. However, her response denied any wrongdoing and did not include any of the documentation requested by relator. Further, she failed to respond to any other communications, including relator's complaint and the panel's show-cause order. Casey held herself out as authorized to practice law to at least four different people in connection with Fishman's traffic citation. And finally, Casey brazenly insisted on returning to the Euclid Municipal Court despite warnings from both the prosecutor and the judge.

{¶ 17} Based on the above factors and in the absence of mitigating factors, the board reasonably recommended a civil penalty of $1,000 for the single count against Casey. We adopt that recommendation.

{¶ 18} We therefore impose a civil penalty of $1,000 against Casey and enjoin her from engaging in the unauthorized practice of law in the future. Casey is prohibited from performing legal services and from directly or indirectly holding herself out to be authorized to perform legal services in the state of Ohio. This injunction will remain effective unless Casey obtains a license to practice law that is recognized in Ohio and registers in accordance with the Rules for the Government of the Bar of Ohio. Costs are taxed to Casey.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____