DISCIPLINARY COUNSEL *v*. JONES.

[Cite as *Disciplinary Counsel v. Jones,* **138 Ohio St.3d 330, 2014-Ohio-809.**]

*Unauthorized practice of law—Preparation of deeds—Conduct enjoined.*

(No. 2013-0611—Submitted August 21, 2013—Decided March 12, 2014.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the

Supreme Court, No. UPL 11-02.

———————————

**Per Curiam**.

**{¶ 1}** On April 26, 2011, relator, disciplinary counsel, filed a complaint with the Board on the Unauthorized Practice of Law against Thomas Jones Jr. of Cleveland, Ohio. The complaint alleged that Jones, who is not licensed to practice law in Ohio, engaged in the unauthorized practice of law by preparing and filing deeds for two homeowners on a total of four occasions and by preparing and filing court pleadings and motions. The complaint alleged that Jones and his business partner, disbarred attorney Michael Troy Watson,[1] purchased properties in foreclosure for a nominal amount, typically $100, and Jones and/or Watson prepared a quitclaim deed that was then executed by the seller and filed with the county recorder's office.

**{¶ 2}** In response to relator's complaint, Jones filed a motion to dismiss on January 19, 2012. The panel hearing this matter denied the motion and ordered Jones to file an answer to the complaint on or before September 17, 2012. Two days after that date, Jones filed another motion to dismiss, which the panel denied. Jones never filed an answer, so on October 2, 2012, relator filed a motion for default judgment, seeking (1) an injunction to prevent Jones from engaging in

_____

1. *Disciplinary Counsel v. Watson*, 107 Ohio St.3d 182, 2005-Ohio-6178, 837 N.E.2d 764.

acts that constitute the unauthorized practice of law and (2) civil penalties of $10,000 for each of the four instances when Jones practiced law, for an aggregate civil penalty of $40,000. Upon consideration of the evidence submitted, the panel granted relator's motion for default judgment and recommended a civil penalty of $2,500 for each count, for a total civil penalty of $10,000.

{¶ 3} The board found that Jones engaged in the unauthorized practice of law and recommends that we issue an order prohibiting Jones from engaging in the unauthorized practice of law in the future and that we impose a civil penalty of $10,000, pursuant to Gov.Bar R. VII(8)(B). We agree that Jones engaged in the unauthorized practice of law; however, we modify the board's recommended sanction and find that a civil penalty is not appropriate under these circumstances. Accordingly, we enjoin Jones from engaging in the unauthorized practice of law and assess costs.

### Jones's Conduct

*Chanel Triplett*

{¶ 4} In 2008, Chanel Triplett owned property on East 59th Street in Cleveland, Ohio, that was subject to a secured mortgage held by Deutsche Bank, National Trust Company. On January 10, 2008, Deutsche Bank filed a foreclosure complaint against Triplett, and on November 17, 2008, Triplett transferred the property via quitclaim deed for $100 to Jones. Jones prepared the deed, and it was filed with the Cuyahoga County Recorder's Office.

{¶ 5} Chanel Triplett also owned property on West 17th Street in Cleveland. On December 7, 2008, she transferred this property to Jones and his business partner, Watson, for $100 in a quitclaim deed that Jones prepared. This deed was filed with the recorder's office on February 4, 2009.

*Claudia Cammon*

{¶ 6} Claudia Cammon owned property on East 102d Street in Cleveland that she sold to Jones for $100 in 2009. Jones prepared the quitclaim deed

transferring the property from Cammon to Watson and himself. Cammon executed the deed, and it was later filed with the county recorder's office.

**{¶ 7}** Cammon also owned property on Southview Avenue in Cleveland. She sold that property to Jones and Watson for $100, and they both prepared the quitclaim deed for Cammon transferring the property to them. That deed was later filed with the county recorder's office.

### Respondent Engaged in the Unauthorized Practice of Law

**{¶ 8}** "This court has original jurisdiction to define and regulate the practice of law in Ohio, including the unauthorized practice of law. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606, ¶ 18. The unauthorized practice of law includes the provision of legal services for another by a person who is neither admitted to the practice of law pursuant to Gov.Bar R. I nor certified for the limited practice of law pursuant to Gov.Bar R. II. *Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271, 955 N.E.2d 352, ¶ 2; Gov.Bar R. VII(2)(A)(1)." *Disciplinary Counsel v. Casey,* 138 Ohio St.3d 38, 2013-Ohio-5284, 3 N.E.3d 168, ¶ 9.

**{¶ 9}** We have previously said that "the practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property." *Disciplinary Counsel v. Doan*, 77 Ohio St.3d 236, 237, 673 N.E.2d 1272 (1997). *See also Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934). We have consistently held that the preparation of deeds for another constitutes the practice of law. *Dayton Bar Assn. v. Addison*, 107 Ohio St.3d 153, 2005-Ohio-6044, 837 N.E.2d 367, ¶ 11; *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7; *Kennedy* at 117.

**{¶ 10}** Although Jones genuinely believed that he was able to draft these deeds because, as he asserted at oral argument, he was part of these transactions,

his position fails to account for the fact that he created the deeds for the seller of the property, and not for himself, to execute. He therefore prepared the deed for someone else, which, as we have previously noted, is clearly the practice of law.

### Sanctions

{¶ 11} Because we find that Jones engaged in the unauthorized practice of law with respect to the deeds that he prepared, we accept the board's findings and adopt its recommendation to enjoin Jones from engaging in the unauthorized practice of law in the future. However, we modify the board's recommendation to assess a $10,000 civil penalty and find it appropriate not to impose a civil penalty, because Jones engaged in relatively few acts of unauthorized legal practice and did not charge a fee. Thomas Jones Jr. is enjoined from engaging in the unauthorized practice of law, including all attempts to prepare legal papers on behalf of any entity other than himself. Costs are taxed to Jones.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Thomas Jones Jr., pro se.

_____