[Cite as *Cleveland Metro. Bar Assn. v. Wooten,* 139 Ohio St.3d 177, 2014-Ohio-1907.]

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* WOOTEN ET AL.

[Cite as *Cleveland Metro. Bar Assn. v. Wooten,* 139 Ohio St.3d 177,

2014-Ohio-1907.]

*Unauthorized practice of law—Preparing, signing, and filing small-claims complaint on behalf of clients—Injunction issued and civil penalty imposed.*

(No. 2013-1353—Submitted October 9, 2013—Decided May 7, 2014.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the

Supreme Court, No. UPL 12-02.

_____

**Per Curiam.**

{¶ 1} On May 2, 2012, relator, Cleveland Metropolitan Bar Association, filed a complaint with the Board on the Unauthorized Practice of Law against respondents Derek Wooten and Aaron, Derek, Carter & Steen, L.L.C. ("ADCS"). The complaint alleged that Wooten, who is not admitted to practice law in Ohio, and ADCS filed 118 small-claims collection actions on behalf of at least six clients in several Ohio municipal courts. Wooten and ADCS filed an answer admitting to some of the allegations in the complaint.

{¶ 2} Relator filed a motion for summary judgment with 117 exhibits. The motion and the attached papers were sent to respondents by relator, but respondents did not respond. The panel granted relator's motion in part and denied it in part and issued a report finding that respondents had engaged in the unauthorized practice of law 113 times. The panel found that on four occasions, the complaint was filed by an attorney licensed to practice in Ohio, and therefore

denied summary judgment in those instances.[1]  The panel recommended that a civil penalty of $2,500 be imposed for each of the remaining offenses.  The board adopted the panel's report, including the panel's findings of fact, conclusions of law, and recommendations.

{¶ 3}  We adopt the board's findings of fact, conclusions of law, and recommended sanction.  For the reasons that follow, we find that respondents engaged in the unauthorized practice of law, and we impose a $2,500 penalty against respondents, jointly and severally, for each of the 113 offenses, totaling $282,500, for that conduct.

## Improper Conduct

{¶ 4}  Wooten is a co-owner of respondent ADCS, a collections company that has been in existence since at least 2008.  Before founding his own company, Wooten worked for another company pursuing collections.  His customers in his previous job were mostly medical and payday-loan companies.  He testified in a deposition taken before the complaint was filed that he had filed collection actions on behalf of those companies in municipal and common pleas courts and that he had personally signed the complaints filed in those courts.  In August 2008, the Akron Bar Association sent a cease-and-desist notice to Wooten, notifying him that he was practicing law without a license and instructing him to cease negotiating claims on behalf of other individuals or corporations.

{¶ 5}  Wooten also testified that while he was still employed at his previous job, he came to understand that his signing complaints was not permissible.  Wooten then switched to adding the term "representative" after his name on the complaint forms.  He thought that by adding that term, he was making it clear that he was not a lawyer.

---

1. There was no evidence submitted to support the remaining charge.

**{¶ 6}** When Wooten left his previous employment, he became a co-owner of ADCS. Wooten and ADCS then filed complaints in Cleveland, Rocky River, Bedford, Willoughby, Akron, and Euclid small-claims or municipal courts. Mostly, these complaints were filed on behalf of check-cashing or payday-lending companies to recover on loans that had not been repaid. He admitted that in 2009, possibly in February, he knew that his signing small-claims complaints on behalf of his customers was problematic, and he claimed that he discontinued that practice sometime between March and May 2009.

**{¶ 7}** Relator attached to its motion for summary judgment more than 100 certified copies of pleadings, mostly complaints, that Wooten had signed and respondents had filed on behalf of clients in local courts, as follows: Rocky River Municipal Court (10 cases), Bedford Municipal Court (4 cases), Willoughby Municipal Court (28 cases), Euclid Municipal Court (57 cases), and Akron Municipal Court (14 cases). In all these cases, Wooten signed as a plaintiff, as "A/R Manager" for his own company, or as a representative of the company that held the account. When filing actions for one client, respondents listed that company's name on the lines designated for the plaintiff's information, with "c/o Aaron Derek Carter & Stein, LLC" and ADCS's address, yet ADCS had not purchased the debt from the company. On some of the complaints, Wooten referred to himself as "Derek Wooten, (A/R Manager)," or "Derek Wooten, Representative," and several judgment entries noted that "[t]he plaintiff * * *, appeared through Derek Wooten, pro se" or that "[t]he plaintiff * * * appeared through employee, Derek Wooten, pro se." No evidence was presented that Wooten was an employee of any of the companies. Wooten made court appearances as well, participating in mediation sessions and signing agreements on behalf of the companies named as plaintiffs.

**{¶ 8}** On each complaint filed in the Rocky River Municipal Court, Wooten signed an affidavit of complainant's claim that stated:

> Derek Wooten [telephone number] [or Derek Wooten, representative], being first duly sworn, on oath states that (he, she, they) (is, are) the Plaintiff(s) in the above-entitled cause; that the said cause is for the payment of money that the nature of Plaintiff's demand is as stated, and that there is due to Plaintiff from the Defendant the amount stated above; Defendant(s) (is, are) not now in the military or naval service of the United States.

The complaints signed by Wooten in the Bedford Municipal Court contained similar language.

{¶ 9} On at least 13 occasions, Wooten attached to the complaint a photocopy of the business card of an attorney that listed ADCS as the attorney's business and listed the same address as ADCS's address. Underneath the attorney's name was the phrase "Legal Services with a Personal Touch," and along the top margin, the card stated, "Bankruptcy Criminal Traffic Garnishment Personal Injury."

### Respondents Engaged in the Unauthorized Practice of Law

{¶ 10} "This court has original jurisdiction to define and regulate the practice of law in Ohio, including the unauthorized practice of law. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606, ¶ 18. The unauthorized practice of law includes the provision of legal services for another by a person who is neither admitted to the practice of law pursuant to Gov.Bar R. I nor certified for the limited practice of law pursuant to Gov.Bar R. II. *Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271, 955 N.E.2d 352, ¶ 2; Gov.Bar R. VII(2)(A)(1)." *Disciplinary Counsel v. Casey,* 138 Ohio St.3d 38, 2013-Ohio-5284, 3 N.E.3d 168, ¶ 9.

**{¶ 11}** "We have consistently held that the practice of law encompasses the drafting and preparation of pleadings filed in the courts of Ohio and includes the preparation of legal documents and instruments upon which legal rights are secured or advanced. *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, syllabus." *Lorain Cty. Bar Assn. v. Kocak,* 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17.

**{¶ 12}** The evidence before us clearly demonstrates that Wooten prepared and filed legal pleadings in a large number of cases. He has therefore engaged in the unauthorized practice of law by providing legal services for another without being admitted or certified to practice law, in violation of Gov.Bar R. VII(2)(A)(1).

**{¶ 13}** The board concluded, and we agree, that by attaching the attorney's business cards to complaints that Wooten signed, both respondents attempted, and succeeded, in "lend[ing] credibility and a façade of legality to the product the nonattorney offers," *Cincinnati Bar Assn. v. Kathman*, 92 Ohio St.3d 92, 97, 748 N.E.2d 1091 (2001). However, the participation by an attorney under these circumstances would not cure respondents' unauthorized practice of law. We have noted that attorneys who review trust documents prepared by nonattorneys enter the relationship too late—"the nonattorney has already given legal advice to the client regarding the client's legal matters, has gathered important information, and has recommended and sold a trust instrument. * * * By the time the attorney enters the transaction, the unauthorized practice of law has already occurred and anything the attorney does thereafter aids the prohibited conduct." *Id.*

### Sanction

**{¶ 14}** Because we find that Wooten and ADCS engaged in the unauthorized practice of law, we accept the board's recommendation that we issue

an injunction prohibiting them from further engaging in the unauthorized practice of law.

{¶ 15} We also accept the board's recommendation that we impose civil penalties pursuant to Gov.Bar R. VII(8)(B). That rule instructs us to consider (1) the degree of a respondent's cooperation during the investigation, (2) the number of times that the respondent committed the unauthorized practice of law, (3) the flagrancy of the respondent's violation, (4) any harm suffered by third parties from the violation, and (5) any other relevant factors. "Other relevant factors," as explained at UPL Reg. 400(F), include "(1) [w]hether relator has sought imposition of a civil penalty and, if so, the amount sought" and "(2) [w]hether the imposition of civil penalties would further the purposes of Gov.Bar R. VII." We address each of these factors below.

{¶ 16} 1. The degree of respondents' cooperation. Respondents provided minimal cooperation in the investigation. Although respondents filed an answer and Wooten appeared for a deposition, Wooten did not produce the documents requested of him. Respondents did not file a response to relator's motion for summary judgment.

{¶ 17} 2. The number of times that respondents committed the unauthorized practice of law. Wooten, usually designating either himself or ADCS as a plaintiff, signed 113 complaints or pleadings on behalf of others.

{¶ 18} 3. Flagrancy of the violations. Respondents filed pleadings and other documents on behalf of other companies after the Akron Bar Association had instructed Wooten to cease and desist from engaging in the unauthorized practice of law and after he was aware that signing complaints on behalf of others was not allowed.

{¶ 19} 4. Harm to third parties arising from the offense. Many of the defendants in the suits filed by respondents had default judgments entered against them.

**{¶ 20}** 5. Any other relevant factors. Relator has sought imposition of a civil penalty of $10,000 for each individual offense. We believe that the imposition of civil penalties would further the purpose of Gov.Bar R. VII. UPL Reg. 400(F)(1) and (2).

**{¶ 21}** 6. Aggravation. As to the aggravating factors listed under UPL Reg. 400(F)(3), we note that Wooten previously engaged in the unauthorized practice of law and was ordered to cease doing so, that he was informed prior to engaging in the cited instances of unauthorized practice of law that the conduct at issue might constitute an act of the unauthorized practice of law, that respondents benefited from that conduct by virtue of receiving a percentage of the amount collected, that respondents prepared and filed legal papers in court and Wooten appeared in court, and that Wooten has allowed others to mistakenly believe that he was admitted to practice law in Ohio when he appeared at default hearings and used a name for his company that resembled that of a law firm.

**{¶ 22}** 7. Mitigation. The board found, and we agree, that no mitigating factors exist. *See* UPL Reg. 400(F)(4).

**{¶ 23}** We conclude that a civil penalty is warranted in this case. We adopt the board's recommendation and impose against respondents, jointly and severally, a civil penalty in the amount of $2,500 for each of the 113 offenses, for a total of $282,500. The amount of $2,500 per offense should not be considered as precedent, especially in cases in which only a few acts of the unauthorized practice of law were committed.

**{¶ 24}** Derek Wooten and Aaron, Derek, Carter & Steen, L.L.C., are enjoined from engaging in the unauthorized practice of law, including but not limited to signing pleadings on behalf of others, appearing in court proceedings on behalf of others, and engaging in mediation on behalf of others. We also impose against respondents, jointly and severally, a civil penalty in the amount of $2,500 for each of the 113 offenses, for a total of $282,500. And we order

respondents to notify their clients that respondents are not authorized to file complaints for them in any court of law or to represent them in any capacity in connection with proceedings filed in a court of law. Costs are taxed to Wooten.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., concur in part and dissent in part and would impose a civil penalty in the amount of $25,000.

_____

Russell A. Moorhead and Kelli Kay Perk, for relator.

_____